UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **05 CR 10267 DPW** <br> CRIMINAL NO. |
| ) | |
| v. ) | VIOLATIONS: |
| ) | 18 U.S.C. § 371 (Conspiracy) |
| ) | 18 U.S.C. § 1343 (Wire Fraud) |
| ROBERT M. FELLEMAN and ) | 18 U.S.C. § 1344 (Bank Fraud) |
| LENARD G. CHRISTI, ) | 18 U.S.C. § 1957 (Monetary Transactions |
| ) | in Proceeds of Specified Unlawful Activity) |
| Defendants. ) | 18 U.S.C. § 5324 (Structuring) |
| ) | 18 U.S.C. § 2 (Principal) |
| ) | 18 U.S.C. § 982 (Forfeiture) |
| ) | 31 U.S.C. § 5317 (Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

#### Relevant Persons and Entities

1. At all times material to this Indictment, defendant ROBERT M. FELLEMAN ("FELLEMAN") was an individual who resided in Massachusetts.

2. At all times material to this Indictment, defendant LENARD G. CHRISTI ("CHRISTI") was an individual who resided in Massachusetts.

3. At all times material to this Indictment, Fleet Bank ("Fleet") was a federally insured financial institution, with branch locations throughout Massachusetts, including a branch at 21 Boylston Street, Newton, Massachusetts.

#### The Scheme To Defraud

4. From at least October 2000 through at least July 2001, FELLEMAN and CHRISTI engaged in a scheme to defraud Fleet Bank ("Fleet"). In July 2001, FELLEMAN and

CHRISTI defrauded Fleet of approximately $300,000 by causing an altered check for approximately $320,000 to be deposited into a Fleet account FELLEMAN controlled and then dissipating most of the proceeds before Fleet was notified that the check was altered. More specifically, shortly after the check was deposited, FELLEMAN and CHRISTI wired approximately $220,000 to Taiwan and then made a series of cash withdrawals totaling in excess of $80,000. In addition, around the same time frame in which they were making the cash withdrawals, FELLEMAN and CHRISTI made a series of Western Union wire transfers (totaling approximately $80,000) to Nigeria.

### The Half Moon Bay, Ltd. Bank Account

5.   In or about April 1998, FELLEMAN opened an account at a BankBoston branch in Chestnut Hill, Massachusetts under the name "Half Moon Bay, Ltd.," with account number 89923133 (the "Half Moon Bay Account"). BankBoston subsequently merged with Fleet and the Half Moon Bay Account was converted to a Fleet account with the same number. The account opening documents list FELLEMAN as the sole signatory on the Half Moon Bay Account.

6.   Although FELLEMAN did, at one point in time, have an association with a real estate development called "Half Moon Bay" in St. Kitts, by 1998, he had no operational involvement with Half Moon Bay. By at least that time, FELLEMAN was not authorized to pay expenses for Half Moon Bay and the operating accounts for Half Moon Bay were located in St. Kitts, not Massachusetts. Furthermore, records from the Massachusetts Secretary of State's office show that Half Moon Bay Ltd. was registered as a foreign corporation in 1989, but that the registration was involuntarily revoked in 1994.

### Counterfeit Checks Deposited Into The Half Moon Bay Account

7. On or about October 10, 2000, a counterfeit check purporting to be from SallieMae in the amount of $78,603.44 (the "SallieMae check") payable to Half Moon Bay, Ltd. was deposited into the Half Moon Bay Account. Shortly thereafter, three checks totaling approximately $16,000 and each made payable to CHRISTI were cashed. The SallieMae check was returned as counterfeit on or about October 17, 2000 and Fleet debited the account $78,603.44, leaving an overdraft of approximately $16,000. On or about October 20, 2000, a deposit of approximately $16,000 was made, which covered the overdraft.

8. On or about October 18, 2000, a "bank draft" for $15,000,000 payable by the "Central Bank of Nigeria" to "Half-Moonbay" was presented for deposit in the Half Moon Bank Account. Fleet also received an "International Monetary Fund Policy Certificate," which purported to reference a contract for $15,000,000 with Half Moon Bay related to "Kaduna/Elemo Refinery Reference CV 21A" to be "monitored" by "Officials of the Nigerian National Petroleum Corporation." The document listed as "beneficiary" "Lenard Christi/Robert." Fleet refused to honor the "bank draft" and determined that it was counterfeit.

### The Altered Check

9. From November 2000 through June 2001, the Half Moon Bay Account showed no deposit or withdrawal activity. Its balance during that time was less than $100.

10. On or about July 19, 2001, Fleet received via mail a $320,068.96 check for deposit in the Half Moon Bay Account purporting to be from Allied Building Products Corp. ("Allied") payable to "HalfMoonBay, Ltd." The Allied check was endorsed with the name "Leonard Christy."

11. Allied is a company based in New Jersey. It is a building products company and is not in the real estate development or financing business. At no time did Allied have any business relationship of any kind with Half Moon Bay, CHRISTI or FELLEMAN.

12. On or about July 23, 2001, at approximately 9:30 a.m. (after the Allied check was posted to the Half Moon Bay Account but before the Allied check had cleared), FELLEMAN and CHRISTI appeared at the Fleet branch at 21 Boylston Street in Newton, Massachusetts. There, they met with the bank manager and requested that the manager authorize a wire of $220,000 to Taiwan. FELLEMAN represented himself to be the president of "Half Moon Bay." FELLEMAN represented that CHRISTI was a business partner.

13. FELLEMAN prepared a wire transfer form directing Fleet to wire $220,000 of the Allied check proceeds from the Half Moon Bay Account to an account in Taiwan, for the benefit of "Jen Jin Ying." Because of the earlier incidents with the SallieMae check and the Central Bank of Nigeria bank draft, the Half Moon Bay Account had a "close to debit posting" restriction, meaning that the proceeds of deposits would not be authorized for withdrawal. The bank manager, however, assumed that the restriction was the result of inactivity in the account and caused the restriction to be lifted. During the meeting with FELLEMAN and CHRISTI, at or around 9:52 a.m., the bank manager telephoned Fleet's wire operations office in Pennsylvania and requested that the wire be sent. The Fleet wire operations area then wired the $220,000 to the account in Taiwan.

14. Beginning later that day, FELLEMAN made a series of cash withdrawals of what remained in the Half Moon Bay Account from the Allied check. The cash withdrawals were made at various Fleet branches in Newton, Massachusetts and totaled in excess of $80,000.

FELLEMAN withdrew most of the funds in increments below $10,000, including the following at or around the dates, times and locations listed below:

| Date | Time | Amount | Fleet Branch Location |
|---|---|---|---|
| July 23, 2001 | 1:41 p.m. | $9,600 | 32 Langley Street, Newton, Massachusetts |
| July 23, 2001 | 1:52 p.m. | $9,800 | 808 Beacon Street, Newton, Massachusetts |
| July 23, 2001 | 2:15 p.m. | $6,000 | 1160 Walnut Street, Newton, Massachusetts |
| July 24, 2001 | 9:11 a.m. | $9,000 | 32 Langley Street, Newton, Massachusetts |
| July 24, 2001 | 9:28 a.m. | $9,000 | 808 Beacon Street, Newton, Massachusetts |
| July 24, 2001 | 3:10 p.m. | $8,000 | 1160 Walnut Street, Newton, Massachusetts |
| July 24, 2001 | 3:32 p.m. | $8,000 | 303 Walnut Street, Newton, Massachusetts |
| July 25, 2001 | 9:18 a.m. | $6,600 | 32 Langley Street, Newton, Massachusetts |

Also, on July 24, 2001, at approximately 2:08 p.m., FELLEMAN and CHRISTI together withdrew $20,000 from the Fleet branch at 21 Boylston Street, Newton, Massachusetts. At or around the time they withdrew the funds, FELLEMAN and CHRISTI made a series of cash wire transfers via Western Union in $4,000 increments from Massachusetts to third parties in Nigeria.

15. On or about July 25, 2001, Allied notified its bank, Norwest Bank ("Norwest"), that the check had been "altered," meaning that Allied had issued the check and it had an authorized signature, but that someone had altered the payee and the amount. Allied determined that the original, unaltered, check had been written to "Siplast" in the amount of $268.96 and mailed to Dallas, Texas. On or about July 25, 2001, Norwest notified Fleet that the check had been altered and that Norwest would not honor the check.

16. After notification that the Allied check had been altered, Fleet personnel interviewed FELLEMAN and CHRISTI separately about the Allied check.

17. FELLEMAN stated that the Allied check had been "brokered" by "Danlodi." When asked who "Jen Jin Ying" was, FELLEMAN stated that he did not know specifically. When asked why he went to so many branches to withdraw the funds, FELLEMAN stated that it was because the Fleet branches did not have enough cash to give him.

18. In his interview with Fleet personnel, CHRISTI claimed that the Allied check had come from an "International Lending Broker" named "Danlodi" and was related to a real estate project in St. Kitts. CHRISTI identified "Jen Jin Ying" as a "rep for the person the taxes were owed to," or words to that effect. CHRISTI also stated that "Danlodi" called him and told him that Allied would be wiring in the funds.

19. Later, CHRISTI provided two statements to government investigators that were both different from the statement he gave to the Fleet personnel and different from one another. In one statement CHRISTI claimed that the Allied check had come from an attorney in Nigeria named "Chris Odikis" for deposit in a Fleet account for "Millenium Group Holdings." In the other statement, CHRISTI stated that the check had come from an engineer living in Holland named "Christian Eze" for an oil contract with "Keystone Oil." CHRISTI said that he believed that Eze was associated with Allied.

## COUNT ONE
## 18 U.S.C. § 371
## (Conspiracy)

20.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

21.     In or about July 2001, in the District of Massachusetts and elsewhere, the defendants,

ROBERT M. FELLEMAN
and
LENARD G. CHRISTI,

together with persons known and unknown to the Grand Jury, willfully and knowingly conspired and agreed with each other to commit offenses against the United States, to wit:

(a)     having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, for the purpose of executing and attempting to do so, took and received matters and things sent and delivered via interstate wire communications, in violation of 18 U.S.C. § 1343 (wire fraud); and

(b)     unlawfully, wilfully and knowingly, executed, or attempted to execute, a scheme or artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of a financial institution by means of false and fraudulent pretenses,

representations and promises, in violation of 18 U.S.C. § 1344 (bank fraud).

## Objectives of the Conspiracy

22. The purposes and objectives of the conspiracy were:

   (a) To enable FELLEMAN and CHRISTI and others known and unknown to the Grand Jury to obtain money by causing Fleet to negotiate and honor a fraudulent check deposited into the Half Moon Bay Account; and

   (b) To enable FELLEMAN and CHRISTI and persons known and unknown to the Grand Jury to disperse funds posted to the Half Moon Bay Account to accounts in Taiwan and Nigeria.

## Manner and Means of the Conspiracy

23. It was part of the conspiracy that:

   (a) FELLEMAN and CHRISTI and persons known and unknown to the Grand Jury would and did cause to be deposited an altered check into the Half Moon Bay Account at Fleet;

   (b) FELLEMAN and CHRISTI and persons known and unknown to the Grand Jury would and did arrange for a wire transfer of a portion of the funds posted to

...

the Half Moon Bay Account from the altered check to an account in Taiwan;

(c) FELLEMAN and CHRISTI would and did make cash withdrawals of most of the remaining proceeds from the altered check;

(d) FELLEMAN and CHRISTI would and did deliver in excess of $80,000 in cash to Western Union, directing Western Union to wire the funds to accounts in Nigeria; and

(e) FELLEMAN and CHRISTI would and did give false explanations for their actions to Fleet personnel and others.

### Overt Acts

24. In furtherance of their conspiracy and to accomplish its objectives, FELLEMAN and CHRISTI performed numerous overt acts, including, but not limited to, the following:

(a) On or about July 19, 2001, FELLEMAN and CHRISTI and persons known and unknown to the Grand Jury caused to be deposited into the Half Moon Bay Account an altered check from Allied;

(b) On or about July 23, 2001, FELLEMAN and CHRISTI met with the branch manager of the Fleet branch at 21 Boylston Street, Newton,

9

        Massachusetts and requested that the posted funds in the Half Moon Bay Account be released and that $220,000 be wired to Taiwan;

(c)     On or about July 23, 2001, FELLEMAN and CHRISTI prepared a wire transfer form authorizing a transfer of $220,000 to "Jen Jin Ying" in Taiwan;

(d)     From July 23, 2001 through July 25, 2001, FELLEMAN and CHRISTI withdrew in excess of $80,000 of the remaining funds in cash from the Half Moon Bay Account at Fleet;

(e)     From July 23, 2001 through July 25, 2001, FELLEMAN and CHRISTI delivered in excess of $80,000 in cash to Western Union and directed Western Union to wire the cash to accounts in Nigeria;

(f)     On or about July 26, 2001 and thereafter, CHRISTI provided false explanations of his conduct to Fleet personnel and others regarding the Allied check; and

      (g)      On or about July 26, 2001 and thereafter, FELLEMAN provided false information to Fleet personnel regarding the Allied check.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
## Wire Fraud
## 18 U.S.C. § 1343

25. The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

26. On or about July 23, 2001, in the District of Massachusetts and elsewhere, the defendants

**ROBERT M. FELLEMAN**
and
**LENARD G. CHRISTI**

having devised and intending to devise the foregoing scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, as follows:

> request from Fleet branch in Massachusetts to Fleet wire operations office in Pennsylvania to transfer $220,000 from Fleet Account Number 89923133 to Account Number 050700003029, Bank of Taiwan, Taipei, Taiwan.

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS THREE and FOUR
## Bank Fraud
## 18 U.S.C. § 1344

27. The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

28. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendants,

ROBERT M. FELLEMAN
and
LENARD G. CHRISTI

unlawfully, wilfully and knowingly, executed, and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a federally insured financial institution, by means of false and fraudulent pretenses, representations and promises, concerning material facts and matters, as follows:

| COUNT | DATE | FRAUD |
|---|---|---|
| THREE | October 18, 2000 | Attempted negotiation of fraudulent $15 million "bank draft" purporting to be from Central Bank of Nigeria. |
| FOUR | July 23, 2001 and thereafter | Defrauding Fleet of approximately $300,000 by withdrawal of funds posted to the Half Moon Bay Account following deposit of altered check. |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS FIVE and SIX
## Wire Fraud
## 18 U.S.C. § 1343

29.   The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

30.   On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant

ROBERT M. FELLEMAN,

having devised and intending to devise the foregoing scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, as follows:

| COUNT | DATE | WIRE |
|---|---|---|
| FIVE | July 23, 2001 | $4,000 Western Union wire transfer from FELLEMAN to J.J.D., from Chestnut Hill, MA to Lagos, Nigeria. |
| SIX | July 24, 2001 | $4,000 Western Union wire transfer from FELLEMAN to I.R., from Chestnut Hill, MA to Lagos, Nigeria. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS SEVEN AND EIGHT
## Wire Fraud
## 18 U.S.C. § 1343

31. The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

32. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

LENARD G. CHRISTI,

having devised and intending to devise the foregoing scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, as follows:

| COUNT | DATE | WIRE |
|---|---|---|
| SEVEN | July 25, 2001 | $4,000 Western Union wire transfer from CHRISTI to N.I., from Chestnut Hill, MA to Lagos, Nigeria. |
| EIGHT | July 25, 2001 | $4,000 Western Union wire transfer from CHRISTI to J.J.D., from Chestnut Hill, MA to Lagos, Nigeria. |

All in violation of 18 U.S.C. §§ 1343 and 2.

15

## COUNT NINE
### Monetary Transactions in Proceeds of
### Specified Unlawful Activity
### 18 U.S.C. § 1957

33.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

34.     At various dates in the District of Massachusetts and elsewhere, defendants,

ROBERT M. FELLEMAN
and
LENARD G. CHRISTI

did knowingly engage in and attempt to engage in monetary transactions, affecting interstate and foreign commerce and involving the use of financial institutions engaged in interstate and foreign commerce, in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, that is, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud in violation of 18 U.S.C. § 1344, as follows:

> wire transfer of $220,000 from Account Number 89923133 at Fleet branch in Newton, Massachusetts to Account Number 050700003029, Bank of Taiwan, Taipei, Taiwan.

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT TEN
**Structuring to Evade Reporting Requirements**
**31 U.S.C. § 5324**

35.  The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this Indictment and further charges that:

36.  On or about the dates set forth below, in the District of Massachusetts and elsewhere, defendant,

ROBERT M. FELLEMAN,

knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. §5313(a) and the regulations promulgated thereunder, structured and attempted to structure and assisted in structuring and aided and abetted the following transactions with a domestic financial institution:

withdrawal of $66,000 in cash from Account Number 89923133 at Fleet controlled by FELLEMAN in the following increments:

| Date | Amount |
| --- | --- |
| July 23, 2001 | $9,600 |
| July 23, 2001 | $9,800 |
| July 23, 2001 | $6,000 |
| July 24, 2001 | $9,000 |
| July 24, 2001 | $9,000 |
| July 24, 2001 | $8,000 |
| July 24, 2001 | $8,000 |
| July 25, 2001 | $6,600 |

All in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2.

17

## FIRST FORFEITURE ALLEGATION
### Criminal Forfeiture 18 U.S.C. §982(a)(2)),
### 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461

37.  The Grand Jury further alleges that:

38.  As a result of committing one or more of the offenses alleged in Count Two of this Indictment, wire fraud and aiding and abetting, in violation of 18 U.S.C. §1343 and §2:

ROBERT M. FELLEMAN
and
LENARD G. CHRISTI,

defendants herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C. §982(a)(2)) and/or 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461, any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation and/or any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Such property includes, but is not limited to, the following:

approximately $308,000 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C), Title 28, United States, Section 2461, and Rule 32.2(a), Federal Rules of Criminal Procedure.